**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JUAN ANTONIO MATUTE BUEZO,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02478-SHL-atc |

**ORDER DISMISSING PETITION AND REQUIRING A RESPONSE**

On April 27, 2026, pro se Petitioner Juan Antonio Matute Buezo filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) Matute Buezo, a 33-year-old citizen of Honduras, states that he has been held in ICE detention since November 18, 2025, "without ever being afforded an individualized bond hearing before a neutral decisionmaker." (Id. at PageID 2–3.)

For the reasons stated below, the Petition is **DISMISSED WITHOUT PREJUDICE**.

**BACKGROUND**

Five months into his detention at the West Tennessee Detention Facility, on April 16, 2026, an Immigration Judge granted Matute Buezo voluntary departure under 8 U.S.C. § 1229c. (Id. at PageID 9.) Matute Buezo argues that his "acceptance of voluntary departure was not a voluntary choice between meaningful alternatives" but appeared instead as "the only route out of an open-ended detention." (Id.)

Respondent responded to the Petition on May 5, 2026. (ECF No. 11.) Respondent argued that Petitioner was lawfully detained under 8 C.F.R. § 240.25 as a condition to the voluntary departure granted to him by an Immigration Judge. (Id. at PageID 52.)

Petitioner filed a reply to Respondent's response, arguing that the Immigration Judge's grant of voluntary departure was not a final decision because the time for him to appeal had not closed. (ECF No. 12 at PageID 76.) Petitioner then argued that the grant of voluntary departure was the "product of the unconstitutional detention [he] challenges." (Id. at PageID 80.)

Respondent filed a notice on September 2, 2026, arguing that, in addition to Petitioner's detention being lawful under C.F.R. § 240.25 as a condition of his voluntary departure, Petitioner was also lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal. (ECF No. 14 at PageID 95.) Respondent also asserts that the Board of Immigration Appeals summarily dismissed Petitioner's appeal of the Immigration Judge's grant of voluntary departure, finding that Petitioner's decision to voluntarily depart, along with his waiver of his appeal rights, was made knowingly, voluntarily, and intelligently. (Id. at PageID 94.)

**ANALYSIS**

8 C.F.R § 240.25, not 8 U.S.C. § 1231, governs this Petition. See Gutirrez-Hidalgo v. Bullock, No. 2:26-cv-02857-TLP-cgc, 2026 WL 2983727, at *2 (W.D. Tenn. Oct. 5, 2026) (citing El Badrawi v. United States, 787 F. Supp. 2d 204, 231 (D. Conn. 2011) ("[T]he procedures and rules that apply in a case of voluntary departure should not be conflated with those that apply following an order of removal. The mandate to use detention in cases of removal, 8 U.S.C. § 1231(a)(2), clearly does not apply in cases of voluntary departure, and therefore, it does not explain the authority for detention in this case."). Respondent asserts that "[t]he Voluntary Departure and Verification of Departure form reflects that Petitioner was

granted voluntary departure 'under safeguard.'" (ECF No. 11 at PageID 53.) "[T]he term 'voluntary departure with safeguards' is commonly used to characterize the requirement that an alien remain in custody until he or she departs from the United States." (Id.) (quoting In re M–A–S–, 24 I. & N. Dec. 762, 766 (B.I.A. 2009).)

The Immigration Judge's Order outlines that Petitioner was "granted pre-conclusion voluntary departure . . . on or before 6/16/2026[,]" and "under any other conditions DHS may direct." (ECF No. 11-3 at PageID 69.) Based on the Immigration Judge's Order, and Respondent's filings, Petitioner agreed to voluntary departure. Additionally, Petitioner's detention appears lawful, as the term "under safeguards" typically means continued custody until departure occurs. See In re M–A–S–, 24 I. & N. Dec. 762, 766 (B.I.A. 2009). In other words, despite Petitioner's filings, it appears that he has agreed to the detention that his habeas petition initially challenged. Therefore, the Petition for a writ of habeas corpus is **DENIED** and **DISMISSED**. Additionally, Respondent is **ORDERED** to explain to the Court, on or before October 16, 2026, why Petitioner remains detained months after the date on which he should have been allowed to voluntarily depart from the United States.

**IT IS SO ORDERED**, this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE